

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,889

**STATE EX REL. GREG ABBOTT, Relator**

**v.**

**THE HONORABLE R. K. SANDILL, Judge, 127th District Court, Respondent**

### ON MOTION FOR LEAVE TO FILE AN APPLICATION FOR A WRIT OF PROHIBITION IN RELATION TO CASE OF EX PARTE PRESTON HUGHES, III HARRIS COUNTY

*Per Curiam*.

### O P I N I O N

We have before us a motion for leave to file an application for a writ of prohibition filed by the Honorable Greg Abbott, Attorney General of the State of Texas, asking us to order the Honorable R. K. Sandill, Judge of the 127th District Court of Harris County, to refrain from issuing any order purporting to stay the November 15, 2012 execution of Preston Hughes, III.

In May 1989 in the 174th District Court of Harris County, a jury found Hughes guilty of the offense of capital murder. The jury answered the special issues submitted pursuant to Code of Criminal Procedure Article 37.071, and the trial court, accordingly, set Hughes's punishment at death. On original submission on direct appeal, this Court reversed Hughes's conviction. However, on rehearing, the Court affirmed his conviction and sentence. *Hughes v. State*, 878 S.W.2d 142 (Tex. Crim. App. 1993). This Court denied relief on Hughes's initial post-conviction application for writ of habeas corpus and dismissed his first subsequent habeas application. *Ex parte Hughes*, No. WR-45,876-01 (Tex. Crim. App. Sept. 13, 2000)(not designated for publication), and *Ex parte Hughes*, No. WR-45,876-02 (Tex. Crim. App. Nov. 14, 2001)(not designated for publication). This Court received Hughes's second subsequent habeas application on July 25, 2012. The Court filed and set Hughes's first claim and denied relief, and it dismissed his second claim. *Ex parte Hughes*, No. AP-76,869 (Tex. Crim. App. Aug. 29, 2012)(not designated for publication).

Hughes has now filed a civil suit in the 127th District Court of Harris County asserting that the Texas Department of Criminal Justice has, under color of state law, denied him due process and the right to be free from cruel and unusual punishment by arbitrarily deciding to change the protocol used for lethal injections from three drugs to a single drug. Alleging that this is an arbitrary change in protocol which will cause him permanent harm, Hughes is seeking injunctive relief or a restraining order to stay his

execution.

Leave to file the application is granted and the respondent, the Honorable R. K. Sandill, is ordered to refrain from issuing any order purporting to stay the November 15, 2012 execution of Preston Hughes, III.


Do Not Publish
Delivered:     October 3, 2012